NO. 07-04-0369-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2004
_____

IN RE: DONNIE LEWAYNE FOX,

Relator
_____

***OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Pending before this court is the application of Donnie LeWayne Fox for a writ of mandamus. He requests that we order the "Hale County District Court [to] set a date to hear [his] cause." His "cause" appears to be a petition for writ of mandamus filed with the clerk of the 64th Judicial District Court for Hale County. We deny the application for the reasons which follow.

First, to the extent that Fox asks us to grant the petition for writ of mandamus filed with the trial court clerk, we cannot do that. Our jurisdiction does not permit us to adjudicate a matter pending in a trial court without the trial court first acting upon it. *See O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding) (when a trial court has yet to act, authority entitles us only to order the trial court to act; it does not allow us to tell the trial court what decision to make).

Second, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. In this case, the document showing the matter complained of would be the petition for writ of mandamus filed with the district court. Though a copy of the document accompanied Fox's application, it was not certified. Nor did he personally verify its authenticity. Similarly, Fox neglected to verify, by affidavit, the factual allegations contained in his application. Such is required by Texas Rule of Appellate Procedure 52.3. Also lacking is compliance with other aspects of the same rule. For instance, his application contains no identity of the parties and counsel, table of contents, index of authorities, statement of the case, or statement of the issues presented. Rule 52.3 requires one seeking extraordinary relief, such as a writ of mandamus, to include those matters in his petition. And, that Fox may be acting *pro se* does not relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

Third, nothing of record indicates that the petition for mandamus purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Given this, it is encumbent

2

upon Fox to illustrate that the district court received and was aware of his petition.[1]  This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act.  Here, the record simply indicates that Fox's petition was filed with the district clerk.  Whether the trial court was ever made aware of it is unknown.  Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it.  Thus, Fox has not fulfilled his burden to illustrate that the trial court refused to act.

Fourth, and assuming *arguendo* that a pleading is brought to the attention of a district court, the latter has a duty to consider and act upon it.  *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding).  This is so because the task of considering it is ministerial.  *In re Bates*, 65 S.W.3d at 134-35; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d at 269-70.  However, the court has a reasonable time within which to act.  *In re Bates,* 65 S.W.3d at 135.  And, whether that period lapsed is dependent upon the circumstances of each case.  *Id.*  In other words, no bright line demarcates the boundaries of a reasonable time period.  *Id*.  Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first.  *Id.*  So too must the trial court's

---

[1]Filing something with the district clerk does not mean the trial court knows of it.  Nor is that clerk's knowledge imputed to the trial court.  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  Thus, Fox must prove that the trial court received notice of the pleading.  *Id.*  Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement.  *Id.*

inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 694-695 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.—Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates,* 65 S.W.3d at 135, Fox had the obligation to provide us with a record establishing that a properly filed petition has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Fox mailed his petition to the clerk in May of 2004. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a petition about which it may have no knowledge constitutes unreasonable delay *per se*, Fox again has not satisfied his burden of proof.

Accordingly, the application for writ of mandamus pending before this court is denied.


Brian Quinn
Justice


4