In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-246 CV


____________________



IN RE ABNER L. WASHINGTON






Original Proceeding






MEMORANDUM OPINION


 Abner L. Washington seeks a writ of mandamus to compel the trial court to act on
motions Washington filed in Cause No. CIV 21498. We deny the petition.

 Assigned the appeal pursuant to an appellate court docket equalization order, the
Tenth Court of Appeals reversed the trial court's dismissal of the inmate's pro se in forma
pauperis suit and remanded the case to the trial court on June 22, 2005. See Washington v.
Tex. Dep't Of Criminal Justice, Inst'l Div., No. 10-04-00253 CV, 2005 WL 1484037 (Tex.
App.--Waco June 22, 2005, no pet.) (mem. op.). Washington alleges that he subsequently
filed the following motions: (1) a motion to redetermine Washington's indigent status, filed
in July or August 2005; (2) a motion to amend his pleadings, filed November 2005; (3) a
motion to amend or supplement his original complaint, filed December 2005; (4) a motion
to recuse the judge, filed December 2005; (5) a motion to declare unconstitutional a statute
affecting medical malpractice suits; (6) a motion to recuse and objection to visiting judge;
and (7) a motion for a hearing on his motions, filed October 12, 2006. According to
Washington, the case was transferred to the administrative judge for a ruling on a recusal
motion and the administrative judge denied the motion. Washington then filed another
motion to recuse. In his petition, Washington argues that the trial court failed to properly
exercise its ministerial duty to rule on pending motions. 

 Generally, the particular ruling on a motion in a pending case is discretionary, but the
duty to rule is ministerial and subject to mandamus. See Ex parte Bates, 65 S.W.3d 133, 134-35 (Tex. App.--Amarillo 2001, orig. proceeding). To obtain relief from the Court of
Appeals, the relator has the burden to establish that the trial court had a legal duty to perform
a non-discretionary act, was asked to perform the act, and failed or refused to do so. In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.--Amarillo 2001, orig. proceeding). He does not
meet that burden when, as here, the relator supplies no documentary support for the
allegations in his petition. In re Fox, 141 S.W.3d 795, 796-97 (Tex. App.--Amarillo 2004,
orig. proceeding). 

 In this case, Washington informs the Court that he filed more than one motion to
recuse. It is possible that the trial judge has not acted on pending motions due to an
unresolved issue related to recusal. See Tex. R. Civ. P. 18a(d). It is also possible that the
trial court has not ruled on the motions because some defect in their drafting or presentation
prevents the trial court from acting on the motions or from being aware of them. See In re
Fox, 141 S.W.3d at 797. It is also possible that the matter has not been set on the docket for
a reason that would be evident on examination of the motions. Without a supporting record,
we cannot conclude that the trial court violated its duty. (1) Accordingly, the petition for writ
of mandamus is denied without prejudice. See id. 

 PETITION DENIED.

 PER CURIAM


Opinion Delivered August 16, 2007


Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. We are confident that once he is aware that there are matters to be attended to in
the case, the trial judge will promptly act in a manner consistent with the Texas Rules of
Civil Procedure.