NO. 07-07-0355-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2007
_____

IN RE RODGER WAYNE MITCHELL, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator Rodger Wayne Mitchell, appearing *pro se*, filed a petition seeking relief by writ of mandamus. We will deny his petition.

According to relator's petition, on July 19, 2007, the trial court denied his motion to vacate the portion of a judgment mandating the sentences imposed on him in criminal cause numbers A3024-0506 and A2823-0205, 64th District Court of Castro County, run consecutively. He seeks a writ of mandamus compelling the trial court to so act.

Courts will issue mandamus to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (applying *Walker* standard on adequacy of appellate remedy). It is the relator's burden to show

entitlement to the relief being requested. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

For the reasons that follow, we cannot grant the relief relator's petition requests. First, the party filing a petition for a writ of mandamus bears the burden of providing the court with a sufficient record to establish the petitioner's right to mandamus relief. Tex. R. App. P. 52.7; *In re Fox,* 141 S.W.3d 795, 797 (Tex. App.–Amarillo 2004) (orig. proceeding). The rules that govern our review of relator's petition require, for example, that the petition be accompanied by a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. Tex. R. App. P. 52.7(a)(1). *See also* Tex. R. App. P. 52.3(j) (required contents of appendix to petition include certified or sworn copy of "any order complained of"). Relator has not submitted an appendix or any other material constituting a record to support his petition. He therefore cannot demonstrate that the trial court has abused its discretion or violated a duty imposed by law.

Second, as noted, one seeking mandamus relief must show that he has no adequate remedy by appeal. *Prudential Ins. Co.*, 148 S.W.3d at 136. Relator's petition does not explain why his complaint over his stacked sentences was not, or could not have been, addressed on direct appeal. For this reason also, relator's petition must be denied.

The petition for writ of mandamus is denied.[1]

James T. Campbell
Justice

---

[1] We note also that it appears the objective of relator's petition is post-conviction relief in a felony proceeding. If this is his goal, we would lack the authority to grant relief. Only the Texas Court of Criminal Appeals has jurisdiction in such post-conviction felony proceedings. *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241 (Tex.Crim.App. 1991) (orig. proceeding).