

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00309-CV

---

## IN RE NATURAL GAS CONSULTING & MEASUREMENT, LLC AND J. P. DAVIS, RELATORS

---

## OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

---

September 5, 2018

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Natural Gas Consulting & Measurement, LLC, and J.P. Davis (Natural Gas) petitioned for a writ of mandamus. We deny it because the petitioner failed to comply with applicable rules of appellate procedure.

Per Texas Rule of Appellate Procedure 52.3(k)(1)(A), the appendix to a petition for 'writ of mandamus must contain "a certified or sworn to copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A); *see also* TEX. R. APP. P. 52.7(a)(1) (obligating the relator to file with the petition "a certified or sworn to copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); TEX. R. APP. P. 52.7(a)(2) (obligating the relator

to file "a properly authenticated transcript of any relevant testimony . . . including any exhibits offered in evidence"). Accompanying the appendix at bar is a "declaration" wherein counsel for the petitioner declared that: "Each of the documents included in the attached appendix and mandamus record, both sealed and unsealed, is a true and correct copy of the document identified, *as those documents exist in our files.*" (Emphasis added). Such italicized language conditions the accuracy and authenticity of the documents to which counsel alludes. In effect, the declarant is not saying, under oath based on personal knowledge, that the documents are true and correct copies of the originals but rather that they are true and correct copies of what was found in legal counsel's own files. This distinction is important.

In a direct appeal, the clerk's and reporter's records serve as the appellate record upon which we act. TEX. R. APP. P. 34.1 (stating that the appellate record consists of the clerk's record and, if necessary for the appeal, the reporter's record). Those responsible for preparing, certifying, and filing their respective portions of the appellate record are the trial court clerk, and court reporter. TEX. R. APP. P. 35.3(a), (b). In an original proceeding, there is no "appellate record" *per se* but rather an appendix containing the information pertinent to the dispute. Nor do either the trial court clerk or court reporter have any duty to provide us with that relevant data. The burden lies with the relator (i.e., Natural Gas here) to present us with a record sufficient to illustrate its entitlement to relief. *In re Rose*, No. 04-18-00054-CV, 2018 Tex. App. LEXIS 1038, at *2 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (per curiam) (mem. op.); *In re Fox*, 141 S.W.3d 795, 796-97 (Tex. App.—Amarillo 2004, orig. proceeding). In other words, the appendix and the items

therein serve as the record upon which we act, and the relator takes the place of the trial court clerk and reporter in providing us that record.

Just as a clerk and reporter are to certify to the accuracy and authenticity of the record they supply us, so too is the relator. Thus, the copy of the 1) order or document complained of and 2) hearing transcript and exhibits admitted must depict the actual order or document issued by the trial court and the actual content of the hearing. Without true and correct copies of orders or hearing transcripts depicting what the trial court actually ordered or heard, we can hardly assess whether it abused its discretion in a way requiring our intervention. *See In re Approximately $61,083.00,* No. 14-13-01059-CV, 2014 Tex. App. LEXIS 2421, at *7 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, orig. proceeding) (per curiam) (mem. op.) (stating that "[w]ithout a complete picture of what facts were before the trial court and how the court applied the law to those facts in reaching its decision, this Court does not have a basis on which to conclude that the trial court abused its discretion"). And, the burden lies with the relator to establish the authenticity of those items. A relator or someone on its behalf simply declaring that the items are nothing more than true copies of matters found in their own files does not establish the authenticity of what the trial court ruled. Nor does it establish that the evidence within the transcript is the evidence heard by the court prior to ruling. Again, orders, documents, and transcripts must be either certified or sworn to copies of the originals. *See In re Butler*, 270 S.W.3d 757, 758-59 (Tex. App.—Dallas 2008, orig. proceeding) (holding that an affiant attesting that "'[t]he documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents'" was insufficient to satisfy the obligation to provide sworn copies).

Natural Gas has not carried its burden to provide us with a record sufficient to show its entitlement to relief given the wording within the "declaration."  *See In re Taylor*, No. 07-14-00010-CV, 2014 Tex. App. LEXIS 2381, at *3 (Tex. App.—Amarillo Feb. 28, 2014, orig. proceeding) (mem. op.) (holding that the relator failed to comply with Rule 52.3(k)(1)(A) where he "include[d] a file-stamped copy of the order denying his appellate counsel's motion to withdraw, but [the] order [was] neither certified nor sworn to by Taylor"); *In re Fox*, 141 S.W.3d at 796-97 (holding that because the document was neither certified nor sworn to, the relator failed to comply with Rule 52.3); *see also In re Approximately $61,083.00*, 2014 Tex. App. LEXIS 2421, at *5-6  (holding that "[a]lthough relator includes a 'certification' at the beginning of his appendix in the style of an affidavit, it lacks the attestation of a notary public or other official as required for a sworn affidavit" which left the reviewing court with an insufficient record to assess the complaint); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding) (noting the relator's burden to include "a properly authenticated transcript" of any relevant testimony and exhibits).  Thus, we deny, without prejudice, the petition for writ of mandamus filed by Natural Gas.

Per Curiam