

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-20-00036-CR

---

IN RE WILLIAM W. FREY

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

William W. Frey, proceeding pro se, has petitioned this Court for mandamus relief. Frey asks us to compel the Honorable Laurine Blake, presiding judge of the 336th Judicial District Court of Fannin County, Texas, to rule on a motion to quash his indictment that he claims to have filed in the trial court. We deny Frey's petition for writ of mandamus because Frey failed to provide us with a sufficient record to support his entitlement to mandamus relief.

It is Frey's burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, Frey must show that "he has no adequate remedy at law to redress his alleged harm[] and [that] what he seeks to compel is a ministerial act not involving a discretionary judicial decision." *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam) (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). Frey must provide this Court with a sufficient record to establish his right to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k), 52.7(a). "[C]onsideration of a motion that is properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

Frey states that he filed (1) a motion to quash his indictment on October 15, 2019, (2) a motion requesting that written rulings be made on all motions on October 25, 2019, and (3) an objection to the trial court's refusal to rule on his motions on November 4, 2019. Frey also states that he sent a letter to the trial court's clerk on November 20, 2019. He contends that his motions have been pending without rulings for about three months. That said, Frey has not met his burden to provide a record sufficient to show himself entitled to mandamus relief, because the motions and letter attached to his petition do not reflect a file stamp. *See* TEX. R. APP. P. 52.3(k). Thus, the record provided fails to show that his motions were filed with the district clerk, that they were presented to the trial court for ruling, and how long the motions have been pending since presentment. *See Henry*, 525 S.W.3d at 382.

As a result, we deny Frey's petition for writ of mandamus because he has failed to provide this Court with a record sufficient to establish that he is entitled to mandamus relief.

Scott E. Stevens
Justice


Date Submitted:     March 9, 2020
Date Decided:       March 10, 2020

Do Not Publish