**IN THE**
**TENTH COURT OF APPEALS**
**No. 10-20-00292-CR**
**IN RE WILLIAM CHARLES WEBB**
**Original Proceeding**


**MEMORANDUM OPINION**

In this original proceeding, relator, William Charles Webb, asks us to compel the respondent, the Honorable George Allen, sitting by assignment as the Judge of the 54th Judicial District Court in McLennan County, to rule on his post-conviction motion for DNA Testing under Chapter 64 of the Texas Code of Criminal Procedure. However, Webb does not identify which Chapter 64 motion for DNA testing the trial court failed to rule upon in this case. Webb attached as an exhibit a Chapter 64 motion for DNA testing that does not bear a file mark and includes a certificate of service and unsworn

declaration referencing the date, September 1, 2020.[1]  Furthermore, as we have discovered in related proceedings, Webb has filed numerous Chapter 64 motions for DNA testing in the trial court.  Without more information, it is not possible for us to ascertain which Chapter 64 motion for DNA testing Webb complains about in this case.  *See* TEX. R. APP. P. 52.7(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (holding it is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief); *In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding) (noting that a relator is obligated to bring forth a record sufficient to establish relief by mandamus and in its absence a petition will be denied).

We recognize that Webb attached to his mandamus petition a letter from the McLennan County District Clerk's Office dated October 5, 2020, which provides in its entirety:  "Our office is in receipt of your letter dated September 28, 2020.  We have forward [sic] a copy of your letter and the Motion for Forensic DNA testing to the Court."  This letter does not identify a particular Chapter 64 motion for DNA testing that Webb filed.  Furthermore, the record in this proceeding does not demonstrate that Webb presented this motion to respondent for a ruling.  *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) ("Mandamus will issue when there is a legal duty to perform

---

[1] In its response to Webb's mandamus petition, the State asserts that the unidentified Chapter 64 motion for DNA testing is "identical to motions that Applicant has filed in this case on November 8, 2019[,] and February 28, 2018."  The State further states that, on April 3, 2018, the trial court entered "Findings and Conclusions of the Convicting Court on Defendant's motion Under Chapter 64, Texas Code of Criminal Procedure, denying Applicant's motion."

a non-discretionary act, a demand for performance, and a refusal."); *In re Fox*, 141 S.W.3d at 797 ("[I]t is encumbent [sic] upon Fox to illustrate that the district court received and was aware of his petition. This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act."); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) ("Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act."); *see also In re Qadir*, No. 2-09-029-CV, 2009 Tex. App. LEXIS 1199, at *1 (Tex. App.—Fort Worth Feb. 20, 2009, orig. proceeding) (per curiam) (denying a petition for writ of mandamus based on a trial court's failure to rule on a Chapter 64 motion for DNA testing when the mandamus record did not show that relator had presented the motion to the trial court for a ruling).

Although he is pro se in this matter, Webb is not relieved from complying with the applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied). Indeed, a pro se litigant is held to the same standard that applies to a licensed attorney, and no allowance is to be made for the fact that a party is not a lawyer. *Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (citing *Brown v. Tex. Emp. Comm'n*, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Bailey v. Rogers & Keyser*, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ)). Accordingly, we deny Webb's petition for writ of mandamus.[2]

---

[2] In light of our disposition, all pending motions are dismissed as moot.

STEVE SMITH
Justice

Before Chief Justice Gray
      Justice Smith, and
      Visiting Justice Wright[3]
(Chief Justice Gray concurring)
Petition denied
Opinion delivered and filed October 20, 2021
[OT06]



---

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.