

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00054-CR

IN RE JOSHUA JACOBS

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Joshua Jacobs, proceeding pro se, has petitioned this Court for mandamus relief. Jacobs asks us to compel the Honorable Jeff M. Addison, presiding judge of the 102nd Judicial District Court of Bowie County, Texas, to rule on a motion for post-conviction DNA testing that he claims to have filed in the trial court pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. We deny Jacobs's petition for a writ of mandamus because he failed to provide us with a sufficient record to support his entitlement to mandamus relief.

Jacobs has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, Jacobs must show that "he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "[C]onsideration of a motion properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). Nevertheless, Jacobs must provide this Court with a sufficient record to establish his right to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004,

orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k), 52.7(a).

Jacobs states that he filed (1) a motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure on September 30, 2020, and (2) sent a letter to the district clerk seeking disposition of his motion on January 5, 2021. He states that he has not received a response to his letter to the district clerk and that he assumes no written order on his motion has been issued. Even so, Jacobs has not met his burden to provide a record sufficient to show himself entitled to mandamus relief because the letters contained in the appendix to his petition do not demonstrate that a motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure was filed with the district clerk. *See* TEX. R. APP. P. 52.3(k)(1)(A) (providing that an "appendix must contain . . . a certified or sworn copy of any . . . document showing the matter complained of"). In this case, the appendix contains only uncertified and unsworn copies of two letters to the district clerk. Thus, the record provided fails to show that his motion was filed with the district clerk, that it was presented to the trial court for ruling, or that the motion has been pending for a sufficient time since such presentment. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam).

We deny Jacobs's petition for a writ of mandamus because he has failed to provide this Court with a record sufficient to establish that he is entitled to mandamus relief.

Josh R. Morriss, III
Chief Justice

Date Submitted:    April 21, 2022
Date Decided:      April 22, 2022

Do Not Publish