

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-22-00157-CR

_____

## IN RE JOSHUA JACOBS

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Joshua Jacobs, proceeding pro se, has petitioned this Court for mandamus relief. Jacobs asks us to compel the Honorable Jeff M. Addison, presiding judge of the 102nd Judicial District Court of Bowie County, Texas, to rule on a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure that he claims to have filed in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. We deny Jacobs's petition for a writ of mandamus because Jacobs failed to provide us with a sufficient record to support his entitlement to mandamus relief.

Jacobs has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To do so, Jacobs must show that "he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "[C]onsideration of a motion properly filed and before the court is [a] ministerial [act]." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). That said, Jacobs must provide this Court with a sufficient record to establish his right to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig.

proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k), 52.7(a).

Jacobs states that on May 12, 2022, he filed a motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure. He states that he has not received a response to that alleged filing other than proof of filing from the district clerk and that he assumes no written order on his motion has been issued. Even so, Jacobs has not met his burden to provide a record sufficient to show himself entitled to mandamus relief because the documents contained in the appendix to his petition do not demonstrate that a motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure was filed with the district clerk, that the State has responded to his motion, *see* TEX. CODE CRIM. PROC. ANN. art 64.02, or that the motion has been presented to the trial court, *see* TEX. R. APP. P. 52.3(k)(1)(A) (providing that an "appendix must contain[] a certified or sworn copy of . . . . any [] document showing the matter complained of"), 52.7(a)(1) (providing that with his petition, Relator must file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

In this case, the appendix only contains uncertified and unsworn copies of (1) a letter to the district clerk, with a file stamp, and (2) a carbon copy of his motion, without a file stamp. Thus, the record provided fails to show that his motion was filed with the district clerk, whether the State responded to the motion, that the motion was presented to the trial court, or how long the motion has been pending since presentment. *See In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam).

3

We deny Jacobs's petition for a writ of mandamus because he has failed to provide this Court with a record sufficient to establish that he is entitled to mandamus relief.

Charles van Cleef
Justice

Date Submitted:     November 16, 2022
Date Decided:       November 17, 2022

Do Not Publish