

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00002-CR

IN RE COREY DEWAYNE WILBERT

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Corey DeWayne Wilbert, proceeding pro se, has petitioned this Court for mandamus relief. Wilbert asks us to compel the Honorable Robert Rolston, presiding judge of the 276th Judicial District Court of Camp County, Texas, to rule on his motion to compel his trial counsel to relinquish the client file of counsel's representation of relator in cause number CF-17-01787-A. We conclude that the petition is not properly authenticated and that Wilbert has not provided us with a sufficient record. We deny the requested relief.

Wilbert states that, on August 27, 2019, he wrote to his trial counsel and requested the client file but received no response from counsel. He also states that, on March 3, 2022, he filed a motion to compel his trial counsel to relinquish his client file from cause number CF-17-01787-A and that he wrote a letter to the district clerk on April 11, 2022, to request a ruling on his motion and to inquire whether the trial court had ruled on the motion. Wilbert states that he has not received a response from the court or district clerk. However, Rule 52.3(j) of the Texas Rules of Appellate Procedure provides, "The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The mandamus petition failed to contain a certification that each of his factual statements was supported by competent evidence included in the appendix or record, as required by Rule 52.3(j).

In addition, Wilbert has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must

2

show himself entitled to the extraordinary relief he seeks."). To do so, Wilbert must show that "he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "[C]onsideration of a motion that is properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). However, before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). Wilbert must provide this Court with a sufficient record to establish his right to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding).

Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(A) provides, "The appendix must contain . . . a certified or sworn copy of any order complained of, or any other

document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). "'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.)). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *Id.* (quoting *In re Henderson*, 2015 WL 13522812, at *1). "Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *Id.* (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.).

Wilbert has not met his burden to provide a record sufficient to show himself entitled to mandamus relief because the only document contained in the appendix to his petition is a file-marked copy of his motion to compel that is neither certified nor sworn, as required by Rules 52.7(a)(1) and 52.3(k)(1)(A). In addition, the appendix does not contain any properly sworn or certified documents that show that his motion was brought to the trial court's attention or was presented to the trial court. *See In re Blakeney*, 254 S.W.3d at 662.

We deny Wilbert's petition for a writ of mandamus because the petition is not properly authenticated and he has failed to provide this Court with a record sufficient to establish that he is entitled to mandamus relief.

Scott E. Stevens
Chief Justice

Date Submitted:    January 23, 2023
Date Decided:      January 24, 2023

Do Not Publish