

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00131-CR

_____

IN RE JAMES ALLEN YATES

_____

Original Mandamus Proceeding

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

James Allen Yates filed a petition seeking a writ of mandamus against the Honorable John Tidwell, presiding judge of the 202nd Judicial District Court of Bowie County, Texas. Yates asks this Court to vacate the trial court's sua sponte order revoking his bail, forfeiting his bond, and ordering his arrest. Because Yates failed to provide us with a sufficient record to support his entitlement to mandamus relief, we deny the petition.

To be entitled to mandamus relief, Yates must show that he has no adequate remedy at law and that Judge Tidwell had a "ministerial" duty to act. *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023) (orig. proceeding). To satisfy the ministerial act prong, Yates must show that "the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (citation omitted). Yates must show both a request that the ministerial act be performed and a denial of that request. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). Yates must provide this Court with a sufficient record to establish his right to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding).

Yates argues that by issuing its sua sponte order, the trial court violated his right to due process of law, abused its discretion by "**arbitrarily finding that Yates[] violated conditions of his bond**," and violated his rights under the Texas constitution by ordering him held in custody

without bail or bond.  We have reviewed this petition for a writ of mandamus, the appendix, and the record before us, and we conclude that Yates has not shown himself entitled to mandamus relief.  *See* TEX. R. APP. P. 52.8(a); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).  Accordingly, we deny Yates's petition.[1]

      For the reasons stated, we deny the petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:      July 18, 2023
Date Decided:      July 19, 2023

Do Not Publish

---

[1]Based on our ruling on Yates's petition, we deny his motion for an emergency stay of the trial court's order.

3