

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00001-CR

IN RE TOBY LYNN WILLIAMS

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Toby Lynn Williams,[1] proceeding pro se, has petitioned this Court for mandamus relief against the Honorable Leann Kay Rafferty, presiding judge of the 123rd Judicial District Court of Panola County, Texas. Williams asks that we compel the trial court to "vacate its void order." Because Williams has not provided us with a sufficient record to show that he is entitled to the relief he seeks, we deny the petition.

## I.        Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet the burden to establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting

---

[1]Williams was convicted of capital murder. Because he was sentenced to death, his conviction was automatically appealed to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071(h) (Supp.). *See Williams v. State*, 773 S.W.2d 525 (Tex. Crim. App. 1988). The Texas Court of Criminal Appeals later vacated his sentence because the jury had not been charged, at sentencing, that it could consider evidence of mental retardation as mitigating evidence. *Ex parte Williams*, 833 S.W.2d 150, 152 (Tex. Crim. App. 1992) (orig. proceeding). In his petition, Williams claims he then entered a plea agreement resulting in a life sentence.

*Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II. Analysis

As relator, Williams bears the burden of providing this Court with a sufficient record to establish his entitlement to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k), 52.7(a).

Williams argues in his petition that the offense for which he was convicted, murder in the course of kidnapping,[2] was pre-empted by federal law. *See* 18 U.S.C.A. § 1201.[3] Williams attached to his petition a copy of a Writ of Mandamus/Plea to Jurisdiction that he sent to the trial court, along with a cover letter. The cover letter for that document bears the "filed" stamp of the Panola County District Clerk. Williams also attached a form letter that he received from the district clerk's office. The form letter stated, "Your letter and Writ were filed into cause number 13486." The form letter also informed Williams that he needed to submit the writ to this Court.

---

[2]*See* TEX. PENAL CODE ANN. § 19.03(a)(2) (Supp.).

[3]Williams argues that he should have been tried in federal court. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). To the extent Williams cites cases as authority that federal statutes preempt state statutes (e.g., *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504 (1992); *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977)), those cases involve enforcement of civil, not criminal, offenses. Further, "[u]nder th[e] 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute" or "the reverse may happen." *Gamble v. United States*, 139 S. Ct. 1960, 1964 (2019).

Even so, Williams has failed to provide this Court with anything to establish that he presented any motion to the trial court or asked the trial court to rule on any motion. "The trial court is not required to consider a motion unless it is called to the court's attention." *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). "Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *Id.*

Additionally, although Williams asks us to compel the trial court to withdraw its "void orders," he has not provided this Court with "certified or sworn cop[ies] of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A); *see In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding).

Finally, if we were to construe Williams's request for relief in this Court as a complaint that the trial court failed to rule on a motion Williams claims to have filed in the trial court, we point out that, while "[t]rial courts are required to consider and rule on motions within a reasonable time," "[d]etermining what time period is reasonable is not subject to exact formulation." *In re Blakeney*, 254 S.W.3d at 662. The Writ of Mandamus/Plea to Jurisdiction was filed in the trial court on December 14, 2023. Williams filed his request for mandamus relief with this Court on January 2, 2024. "[N]o bright line separates a reasonable time period from an unreasonable one." *Id.* As explained by the Amarillo Court of Appeals:

> [A reasonable time to rule] is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. [*Ex parte*] *Bates*, [65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding)]. So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694–95 (Tex. App.—

4

Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket).

*In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Williams has provided no argument or authority that just under three weeks is an unreasonable time.[4]

## III.    Conclusion

Because Williams has not shown himself entitled to mandamus relief, we deny his petition.

Scott E. Stevens
Chief Justice

Date Submitted:     January 22, 2024
Date Decided:       January 23, 2024

Do Not Publish

---

[4]In his prayer, Williams alternatively requests that this Court allow him to withdraw his plea to the trial court. He presents no argument or authority establishing his entitlement to such relief, nor does he provide this Court with any certified, sworn documents from the trial court supporting his request.

5