

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00185-CR

---

IN RE JUAN MARQUIS COUNCIL

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Juan Marquis Council has petitioned this Court for mandamus relief. However, he has not expressly stated what action he would have us compel the trial court to do. His prayer asks us to "issue the writ[] of mandamus for relief for being denied his rightful civil liberties." Because Council has not complied with the requirements of the Texas Rules of Appellate Procedure, we deny his request.

## I.     Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To meet his burden to establish entitlement to mandamus relief, the relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). "To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment." *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (orig. proceeding).

"A clear right to [the requested] relief is shown when the facts and circumstances [require] but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). "Mandamus is not available to compel a discretionary act as

2

distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II. Analysis

One seeking mandamus relief must provide, inter alia, "a concise description of the respondent's action from which the relator seeks relief." TEX. R. APP. P. 52.3(d)(3). From Council's petition, we are unable to discern the basis of Council's complaint.

Further, as relator, Council bears the burden of providing this Court with a sufficient record to establish his entitlement to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k), 52.7(a). Council has not provided this Court with "certified or sworn cop[ies] of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B); *see In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding).

## III. Conclusion

Council has not shown himself entitled to mandamus relief. Accordingly, we deny Council's petition for a writ of mandamus.

Charles van Cleef
Justice

Date Submitted: December 17, 2025
Date Decided: December 18, 2025

Do Not Publish

3