

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00031-CR

---

IN RE GREGORY LYNN ALLISON

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Gregory Lynn Allison, proceeding pro se, has filed a petition for a writ of mandamus asking this Court to compel the Honorable Brad Morin, judge of the 71st Judicial District Court of Harrison County, "to rule on [his] Motion[] of Waiver of Right to Counsel and Motion Demanding Examining Trial." Allison contends that he filed both motions on January 9, 2026. He also states that five days later, he sent a letter to the trial court "putting him on notice to rule on said motions." According to Allison, "as of the 29th day of January 2026," the trial court "has failed to rule on either of said motions."

## I.       Standard of Review

In a criminal case, "[m]andamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To establish entitlement to mandamus relief, a relator is required to show that the trial court failed to complete a ministerial act. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is considered ministerial "if the relator can show . . . a *clear* right to the relief sought." *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding) (quoting *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). A clear right to the requested relief is shown when the facts and circumstances require but "one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *In re State ex rel. Weeks*, 391 S.W.3d at 122 (quoting

*Bowen*, 343 S.W.3d at 810). "Mandamus is not available to compel a discretionary act as distinguished from a ministerial act." *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding).

## II.     Discussion

As relator, Allison bears the burden of providing this Court with a sufficient record to establish his entitlement to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a relator must file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(l)(1)(B) of the Texas Rules of Appellate Procedure states that the appendix to a relator's motion must contain "a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(l)(1)(B).

Here, the documents, showing the matter complained of, are Allison's "Motion[] of Waiver of Right to Counsel[,] . . . Motion Demanding Examining Trial," and his notice asking the trial court to rule on his motions. Although Allison provided the Court with hand-written examples of the complained of motions and notice, he did not provide the Court with file-marked or certified copies of any of them. In an effort to defend his inadequate record, Allison states that he was unable to provide the complained of documents in proper form because he was

incarcerated and did not have the "assistance to obtain such copies."[1] Even assuming, without finding, that Allison's rationale for his failure to provide the Court with an adequate record has merit and that the facts stated in his petition are entirely correct, Allison's requested mandamus relief should be denied.

"Trial courts are required to consider and rule on motions within a reasonable time," "[d]etermining what time period is reasonable is not subject to exact formulation." *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). As explained by the Amarillo Court of Appeals:

> [A reasonable time to rule] is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. [*Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).] So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694–695 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket).

*In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding). Allison has provided no argument or authority that just under three weeks is an unreasonable amount of time for the trial court to rule on his motions.

---

[1] Allison also included a handwritten "Statement of Indgency [sic]," stating that his spouse makes $2,500.00 per month and that "[s]he is barely surviving" while he is incarcerated.

## III.    Conclusion

Accordingly, we deny Allison's petition for a writ of mandamus.


Scott E. Stevens
Chief Justice

Date Submitted:    March 13, 2026
Date Decided:      March 16, 2026

Do Not Publish