

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00044-CR

IN RE BRIAN KEITH MELTON

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Relator, Brian Keith Melton, proceeding pro se, has filed a petition for a writ of mandamus asking this Court to compel the Honorable Joel D. Littlefield, presiding judge of the Hunt County Court at Law No. 2, to rule on his "Motion to dismiss counsel."[1] Melton also states that "[l]ater" on he filed a "Request for a Ruling" on the motion. For the reasons below, we deny Melton's petition.

In *In re State ex rel. Wice*, 668 S.W.3d 662 (Tex. Crim. App. 2023) (orig. proceeding), the Texas Court of Criminal Appeals explained,

> To be entitled to mandamus relief, the relator must show there is no adequate remedy in law and that the sought-after act is ministerial in nature. The ministerial in nature prong "is satisfied if the relator can show he has a clear right to the relief sought—that is to say, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." A clear right to the relief sought exists "[w]hen a trial court acts beyond the scope of its lawful authority."

*Id.* at 671 (alteration in original) (footnotes omitted) (citations omitted). As relator, Melton also bears the burden of providing this Court with a sufficient record to establish his entitlement to mandamus relief. *See In re Fox*, 141 S.W.3d 795, 797 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Mendoza*, 131 S.W.3d 167, 167–68 (Tex. App.—San Antonio 2004, orig. proceeding); *see also* TEX. R. APP. P. 52.3(l), 52.7(a).

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a relator must file with his petition "a certified or sworn copy of every document that is material to the relator's

---

[1] Melton states that he is being held in jail on a Class A misdemeanor and that he "has never spoken to his court appointed attorney. An attorney that illegally waive[d] his Constitutional Rights."

claim for relief and that was filed in any underlying proceeding." Tᴇx. R. Aᴘᴘ. P. 52.7(a)(1). Rule 52.3(l)(1)(B) of Texas Rules of Appellate Procedure states that the appendix to a relator's motion must contain "a certified or sworn copy of the relevant trial court order, or any other document showing the matter complained of." Tᴇx. R. Aᴘᴘ. P. 52.3(l)(1)(B). Melton failed to comply with Rules 52.7(a)(1) and 52.3(1)(1)(B). Specifically, he did not provide the Court with a certified or sworn copy of his motion to dismiss or his request for a ruling.[2]

That said, "[t]rial courts are required to consider and rule on motions within a reasonable time," "[d]etermining what time period is reasonable is not subject to exact formulation." *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). As explained by the Amarillo Court of Appeals:

> [A reasonable time to rule] is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. [*Ex parte Bates*, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding).] So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 694–95 (Tex. App.—Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket).

*In re Chavez*, 62 S.W.3d 225, 228–29 (Tex. App.—Amarillo 2001, orig. proceeding).

In his petition, Melton states that he filed his motion to dismiss "[o]n March 13ᵗʰ[,] 2026, Approx.," which was slightly more than thirty days ago. Yet, he does not present an argument or

---

[2]Melton states in his petition, "Applicant prays this [C]ourt will order the [trial] court to act. [Melton] is unable to comply w/ Rule 52 at this time but should" the Court grant his requested relief "he will come back with a more professional version." Melton then makes the inconsistent statement that "[t]his is for notice purposes only."

provide the Court with any authority to demonstrate that the trial court's failure to rule on his motion to compel within thirty days is an unreasonable amount of time.

Accordingly, we deny Melton's petition for writ of mandamus.


Scott E. Stevens
Chief Justice

Date Submitted:     April 16, 2026
Date Decided:       April 17, 2026

Do Not Publish